IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOSEPH RIVERA                          :         3:11 CV 893 (JBA)
                                       :
V.                                     :
                                       :
THURSTON FOODS, INC.                   :         DATE: JANUARY 3, 2012
                                       :
---------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff Joseph Rivera commenced this employment discrimination action against Thurston Foods, Inc. on June 2, 2011 (Dkt. #1), followed by his First Amended Complaint, filed November 15, 2011 (Dkt. #24), in which plaintiff alleges race discrimination and retaliation pursuant to 42 U.S.C. § 1981 (Counts One and Two, respectively),[1] intentional infliction of emotional distress ["IIED"](Count Three), race discrimination and retaliation pursuant to 42 U.S.C. § 20004 (Counts Four and Six, respectively), and race discrimination and retaliation pursuant to Conn. Gen. Stat. § 46a-60 et seq. (Counts Five and Seven, respectively). (Dkt. #24).

On November 1, 2011, plaintiff filed the pending Motion for Protective Order, with brief in support. (Dkts. ##21-22).[2] Seventeen days later, defendant filed its brief in

---

[1] Plaintiff asserts that on or about February 7, 2011, when he received a new cell phone provided by his employer originally used by another employee, William Indorf, plaintiff discovered a text message left on the cell phone which "depicted two little Caucasian boys sitting piggyback on top of two black male boys in a field[,]" with the message: "found this picture of our grandfather's [sic] riding their quads together back in the day!" (Dkt. #1, ¶ 17; Dkt. #24, ¶ 20).

[2] Attached to plaintiff's Motion is a copy of Defendant's Second Request for Disclosure and Production, dated October 5, 2011 (Exh. A), and a copy of the flyer at issue in this Motion, with a copy of a notice for "'ALL' Thurston Employee's [sic]." (Exh. A.1).

opposition (Dkt. #25).[3]  On December 16, 2011, United States District Judge Janet Bond Arterton referred this motion to this Magistrate Judge. (Dkt. #28).[4]

For the reasons stated below, plaintiff's Motion for Protective Order (Dkt. #21) is denied.

## I. DISCUSSION

On or about October 3, 2011, plaintiff allegedly distributed flyers to defendant's employees entitled, "Have [y]ou [b]een [d]iscriminated [a]gainst by Thurston Foods," and distributed copies of the photographic images included in a text message referred to in plaintiff's complaint and amended complaint.[5]  (Dkts. ##21-22 & Exh. A.1.).  The flyers, which specifically reference the allegations made in plaintiff's complaints, warn that "[t]he [d]iscrimination [h]as [t]o [s]top!", and direct recipients to contact plaintiff's counsel, providing his name, address, telephone and fax numbers, e-mail address, and web site. (Dkt. #21, Exh. A.1.).  The next day, defense counsel contacted plaintiff's counsel to inquire about counsel's role in drafting and disseminating this flyer.  (Dkt. #25, Exh. A).  Plaintiff's counsel responded the following day, informing defense counsel that he "had no knowledge about the flyer and the attached exhibit (picture)." (Dkt. #25, Exh. B).  He continued, "I did not authorize nor would I ever authorize such a communication." (Id.).  That same day, October 5, 2011, defendant issued a Second Request for Disclosure and Production, in which defendant requests information related to the preparation and dissemination of the flyers,

---

[3]Attached are copies of correspondence between counsel, dated October 4 and 5, 2011. (Exhs. A-B).

[4]Pending before Judge Arterton is defendant's Motion to Dismiss, filed December 7, 2011. (Dkts. ##26-27; see also Dkts. ##29-30).

[5]See note 1 supra.

and communications related thereto, as well as requests related to the cellular telephone from which the text at issue was obtained, and requests related to the former employee involved, William Indorf, who has been identified as a witness for plaintiff. (Dkt. #25, at 2, 4).

Plaintiff seeks a protective order preventing defendants from engaging in discovery regarding the alleged incident of October 3, 2011. (Dkts. ##21-22 & Exh. A.1.). According to plaintiff, defendant is "[a]t best, . . . building a trespass claim that can only be brought in state court" and is not part of the same case or controversy that gave rise to the pending race discrimination and retaliation complaint. (Dkt. #21, at 1). Defendant counters that this post-litigation conduct by plaintiff is "directly relevant to his employment claims in this case, including, but not limited to, his claim" that the sight of the text message which he disseminated "en masse" in this incident, gave rise to severe emotional distress when he discovered it on his worked-issued telephone; the substance of the communications "mirrors his allegations in the operative complaint"; the discovery "may reveal other statements by [p]laintiff which are inconsistent with his claims of liability and damages in this case"; the communications "may also have a bearing upon [p]laintiff's credibility and/or . . . motivations for bringing this lawsuit"; and this discovery "may also reveal ethical violations . . . which may provide grounds for the disqualification of [p]laintiff's counsel." (Dkt. #25, at 2-3).

The Federal Rules of Civil Procedure provide for liberal discovery, such that parties may discover "any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Id. The party seeking a protective order bears the burden of showing that good cause

exists for the issuance of the order.  Id.; see  Gambale v. Deutshe Bank AG, 377 F.3d 133, 142 (2d Cir. 2004)(citation omitted).

In this case, plaintiff focuses his objection on his assertion that this discovery falls outside the scope of this litigation pursuant to 28 U.S.C. § 1367 as it relates to "building a trespass claim that can only be brought in state court." (Dkt. #22, at 1-2).  However, while the issue of whether a trespass occurred on defendant's property may be of some import,[6] the rationale for the supplemental discovery propounded by defendant is to discover the creation and dissemination of these flyers that inherently are relevant to this litigation in that they include the precise issues in the operative complaint, relate to plaintiff's claim of IIED, discrimination, and retaliation, relate to plaintiff's damages and credibility, and were directed to employees of a represented party in this litigation.[7]  Plaintiff has not satisfied his burden of establishing that good cause exists for the entry of a protective order under these circumstances.

---

[6](See Dkt. #22, Exh. A, Interrogatories Nos. 6-8, 10-11; but see, e.g., Dkt. #22, Exh. A, Interrogatories Nos. 1-5, 9, 12-13 & Requests for Production Nos. No. 1-8).

[7]See MODEL RULES OF PROF'L CONDUCT R. 4.2, which provides:

**Communication With Person Represented By Counsel**

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

See MODEL RULES OF PROF'L CONDUCT R. 7.2 (regarding language necessary in advertisements for the solicitation of clients); see also MODEL RULES OF PROF'L CONDUCT R. 7.3(c)(every written communication from a lawyer soliciting professional employment from a prospective client shall include the works "Advertising Material").

Defendant's counsel filed her appearance on June 24, 2011 (Dkt. #8), more than three months prior to the October 3, 2011 incident.

4

## II. CONCLUSION

For the reasons stated above, plaintiff's Motion for Protective Order (Dkt. #21) is denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 3rd day of January, 2012.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge