IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
:
JOSEPH RIVERA                             :        3:11 CV 893 (JBA)
:
V.                                        :
:
THURSTON FOODS, INC.                      :        DATE: FEBRUARY 24, 2012
:
-------------------------------------------------------x

RULING FOLLOWING IN CAMERA REVIEW

Plaintiff Joseph Rivera commenced this employment discrimination action against Thurston Foods, Inc. on June 2, 2011 (Dkt. #1), followed by his First Amended Complaint, filed November 15, 2011 (Dkt. #24), in which plaintiff alleges race discrimination and retaliation pursuant to 42 U.S.C. § 1981 (Counts One and Two, respectively), intentional infliction of emotional distress (Count Three), race discrimination and retaliation pursuant to 42 U.S.C. § 20004 (Counts Four and Six, respectively), and race discrimination and retaliation pursuant to CONN. GEN. STAT. § 46a-60 et seq. (Counts Five and Seven, respectively). (Dkt. #24). Under the Scheduling Order filed by U.S. District Judge Janet Bond Arterton on October 6, 2011 (Dkt. #16), all discovery is to be completed by May 30, 2012. On December 16, 2011, and again on February 21, 2012, United States District Judge Janet Bond Arterton referred discovery to this Magistrate Judge. (Dkt. #28).[1]

On January 25, 2012, defendant filed its Motion for In Camera Review of Documents

---

[1]Pending before Judge Arterton is defendant's Motion to Dismiss, filed December 7, 2011. (Dkts. ##26-27; see also Dkts. ##29-30).

Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's Motion for Protective Order, filed January 3, 2012 (Dkt.#31).

Identified on Plaintiff's Privilege Log and to Compel, and brief in support (Dkt. #35),[2] as to which plaintiff filed his brief in opposition on February 2, 2012 (Dkt. #37)[3]; defendant's reply brief was filed two weeks later, on February 16, 2012. (Dkt. #39).

The next day, on February 17, 2012, this Magistrate Judge filed an Electronic Order (Dkt. #41), granting defendant's motion to the extent it sought an in camera review. On February 18, 2012, plaintiff's counsel submitted the documents that appear on Plaintiff's Privilege Log, dated December 7, 2011. After a careful review, the Magistrate Judge agrees that the overwhelming majority of items are covered by the attorney-client privilege, and therefore need not be disclosed to defense counsel, namely Bates ##JR283-84, 289-318.

The only item that bears discussion is plaintiff's four page "Statement of Facts," which he prepared for his attorney. (Bates ##JR285-88). As plaintiff's counsel has explained in his unsworn declaration, it is his practice to "have every client provide [him such a statement] at the start of the representation[,]" which document "provides the story [counsel] use[s] to evaluate whether to accept the case and to further develop the case once retained." (Declaration ¶ 3). Plaintiff's counsel adds that he does not "control the content of what the client discusses[,]" that "[t]he sole purpose of the document was to obtain legal advice concerning [p]laintiff's . . . claims[,]" and counsel "do[es] not take dictation in order to discover[] the facts and issues in the case." (Id.).

As U.S. Magistrate Judge Holly Fitzsimmons wrote last year: "To be clear, the

---

[2]Attached is an affidavit from defense counsel, sworn to January 25, 2012, with the following five exhibits: copy of Plaintiff's Response to Defendant's First Request for Production, dated October 28, 2011 (Exh. A); copy of Plaintiff's Privilege Log, dated December 7, 2011 ["Privilege Log"](Exh. B); and copies of e-mails between counsel, dated January 6 and 12, 2012 (Exhs. C-E).

[3]Attached is a declaration from plaintiff's counsel, signed on February 2, 2012 ["Declaration"].

attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." Maziarz v. Housing Auth. of Town of Vernon, No. 3:10 CV 2029 (JCH), 2011 WL 4538071, at *2 (D. Conn. Sept. 29, 2011), citing Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981)(additional citation omitted).

A case closely on point, not cited by either party, is Zimmerman v. Poly Prep Country Day School, No. 09 CV 4586(FB), 2011 WL 1429221 (E.D.N.Y. Apr. 13, 2011), a RICO action filed by seven former students of the defendant private school, alleging prolonged sexual abuse by the school's football coach and physical education instructor from 1966 through 1991, about which plaintiffs claim the current headmaster, former headmaster, and Board of Trustees knew, but did not formally acknowledge until 2002. Id. at *1-9.  In September 2002, after receiving the first settlement demand from one of the plaintiffs, the defendant school consulted with its outside counsel, and also hired Attorney Peter Sheridan, a solo practitioner, to conduct what defendants claimed "was a privileged and confidential investigation" regarding the coach's alleged misconduct, which investigation was "to be performed 'in collaboration'" with the school's outside counsel. Id. at *9.  Attorney Sheridan interviewed various members of the faculty and staff, including the former headmaster, the Athletic Director, a former Dean and Assistant Head of School, and a former faculty member/coach. Id.  Attorney Sheridan concluded that "there was no firsthand or secondhand knowledge of alleged sexual abuse" at the school, other than the accusations of the two first plaintiffs. Id.  However, Attorney Sheridan's notes from this investigation were destroyed, giving rise to plaintiffs' motion for spoliation. Id. at *1, 9-11.  In addition to defendants' multiple arguments against plaintiffs' motion, see id. at *12-27, defendants

argued that plaintiffs had "no right to assert spoliation of attorney notes to which they would never have been entitled in the first place[,]" because Attorney Sheridan's notes were protected from disclosure under the attorney-client privilege and work product doctrine. Id. at *27 (internal quotations omitted). U.S. Magistrate Judge Pollak rejected this argument, based upon the often cited language in Upjohn that "the privilege does not protect underlying facts from disclosure simply because they are relayed to an attorney." Id. (multiple citations omitted). As Magistrate Judge Pollak added: "It is the communication which is privileged, not the underlying facts communicated. Thus, facts are not invested with a privilege merely by being communicated to an attorney and the presence of documents in an attorney's files does not automatically mean that privilege attaches." Id. (internal quotations & multiple citations omitted). In addition, defendants referred to Attorney Sheridan's notes as "'fact-finding' notes[,]" and his invoices, "on multiple occasions," described his tasks as "Fact Gathering[.]" Id. at *28 & n. 62. The stated purpose of Attorney Sheridan's retention by defendant school "was to investigate and learn the extent, if any, to which members of the school's faculty or administration knew of sexual misconduct or sexual abuse by [the coach], not to advise [the school] on how to proceed." Id. at *28 (internal quotations & citations omitted). When Attorney Sheridan commenced each interview, he did not identify himself as an attorney, nor did he advise them that "he was there for the purpose of trying to defend [the school] in . . . potential litigation." Id. (internal citation omitted). One month later, defendant school hired outside counsel for that very purpose. Id. As a result, plaintiffs' motion was granted, and extensive sanctions were imposed. Id. at 30-35, 39.

Similarly, another case closely on point, also not cited by either counsel, is SR Int'l

<u>Business Ins. Co., Ltd. v. Word Trade Center Props. LLC</u>, No. 01 CV 9291 (JSM), 2003 WL 193071 (S.D.N.Y. Jan. 29, 2003), regarding notes taken by the insurance company representatives at three market and steering committees held within the first month after the destruction of the World Trade Center on September 11, 2001; the insurance companies contended that these notes were privileged, in that the insurers reasonably anticipated litigation, already had hired outside counsel, and the non-lawyer employers and outside adjusters in attendance at these meetings on behalf of the insurers "did so at the direction of counsel, and took notes in order to report back to counsel." <u>Id.</u> at *1.  One of the primary purposes of the meeting was to establish "a steering committee" whose responsibility would be to create the framework for "adjusting claims on multilayer insurance programs"; at one point during the first meeting, held on September 21, 2011, the attorneys present asked all the non-lawyers present to step out of the room so that they "could meet separately for some period of time[,]" which was done "apparently in an effort to preserve the [attorney-client] privilege with respect to certain portions" of that meeting.  <u>Id.</u> at *2-3.  Under all these circumstances, the court held that the notes of these three meetings were not protected by the attorney-client privilege.  <u>Id.</u> at *1-3.

Like the "'fact-finding' notes[,]" and "Fact Gathering" at issue in <u>Zimmerman</u>, 2011 WL 1429221 at *28 & n. 62, the four-page document here is entitled "Statement of Facts." (Bates ##JR285-88).  The factual recitation in the "Statement of Facts" is nearly identical to that found in plaintiff's Complaint, filed June 2, 2011.  (Dkt. #1).  There are no facts in the "Statement of Facts" that have not already been disclosed to defendant and its counsel. Therefore, consistent with the rulings in <u>Zimmerman</u> and <u>SR Int'l Business</u>, this Magistrate Judge finds that under the unusual circumstances of this case, plaintiff's "Statement of Facts"

is not governed by the attorney-client.[4]

## II. CONCLUSION

For the reasons stated above, defendant's Motion for In Camera Review of Documents Identified on Plaintiff's Privilege Log and to Compel (Dkt. #35) is <u>granted in part to the extent that an in camera review already was ordered (see Dkt. #41), is granted in part to the extent that the Magistrate Judge orders that only the four-page document entitled "Statement of Facts" (Bates ##JR285-88) must be disclosed, and is denied with respect to production of the remaining documents on Plaintiff's Privilege Log</u>.  Plaintiff shall disclose the four-page document entitled "Statement of Facts" (Bates ##JR285-88) to defense counsel **on or before March 23, 2012**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.[5]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for

---

[4]In its original brief, defendant assumes that plaintiff has not asserted the work doctrine privilege.  (Dkt. #35, at 6, n.4 & at 9, n.6).  As a consequence, the work-product doctrine is not addressed in the two other briefs.  (Dkts. ##37, 39).  Even had plaintiff made such an assertion, the doctrine would not apply for the same reasons as stated with respect to the attorney-client privilege. See, e.g., Zimmerman, 2011 WL 1429221, at *28-30; SR Int'l Business, 2003 WL 193071, at *3-4; Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 434-35 (D. Conn. 2000); Veliotos v. Nawrocki, No. 3:98 CV 225 (PCD), 1998 WL 1661398, at *2-4 (D. Conn. Dec. 9, 1998).

[5]The privileged documents will remain in this Magistrate Judge's Chambers for at least the next fourteen days.  If no objection to this discovery ruling is filed by either party, then the documents will be returned to plaintiff's counsel.  If either side files an objection to this discovery ruling, then the documents will be filed with the Court, <u>under seal</u>, for review by Judge Arterton.

6

the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 24th day of February, 2012.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge